Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1181 - (MDL 1403) | **DATE** | 6/10/2002 |
| **CASE TITLE** | Keith Finger et al. Vs. Kraft Foods etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court on May 7, 2002, advised the objectors that its order did not relieve them of the obligation to file a bond. That led, then, to the filing by objectors of two motions here on 5/10/02, one asking for rehearing pursuant to Rule 59, or, alternatively, for relief pursuant to Rule 60, and the other for relief pursuant to Rule 60. Both motions say essentially the same thing. Motion for rehearing pursuant to Rule 59 is denied and granted as to Rule 60.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 11 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE STARLINK CORN PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 1403 |
| This document is applicable to: | ) ) ) | |
| KEITH FINGER, GLENITA BELL (individually as guardian of Paul Bell, a minor), and JUDY JOHNSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 01 C 1181 |
| KRAFT FOODS NORTH AMERICA, INC., f/k/a/ KRAFT FOODS, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |
| MELISSA NOLET, | ) ) | |
| Objector/Proposed Intervenor, | ) | |

## MEMORANDUM OPINION AND ORDER

On April 16, 2002, class representatives moved to require the posting of an appeal bond by the two objectors/proposed intervenors ("objectors") Melissa Nolet and Mercedes Valenjuela. Counsel for Valenjuela attended; counsel for Nolet did not.[1] Counsel for Valenjuela made a one-sentence perfunctory objection, without giving any reason. We set a

---

[1] Both counsel are from out of town, and they have on occasion complained that they do not get notice sufficiently in advance to get here and they have asked that additional notice be given. We have suggested that the parties do so, while we do note that the local rules require the designation of local counsel (which they have not done), one reason being to respond to court calls noticed in accordance with the local rules, and we entertain, as well, patching in out-of-town counsel by telephone.



bond amount somewhat less than the amount sought. On April 24, 2002, plaintiffs were in court to get a date when the bond had to be posted. Counsel for Notel attended and counsel for Valenjuela did not. Our best recollection is that counsel wanted more time to file the bond than plaintiffs thought appropriate, and we granted more time. Then, apparently, the objectors questioned, on May 3, 2002, in the Court of Appeals, the need to file the bond because of a prior order suspending briefing. The Court on May 7, 2002, advised the objectors that its order did not relieve them of their obligation to file a bond. That led, then, to the filing by objectors of two motions here on May 10, 2002, one asking for rehearing pursuant to Rule 59 or, alternatively, for relief pursuant to Rule 60, and the other for relief pursuant to Rule 60.

Both motions say essentially the same thing. They contend that the bond amount is excessive because it asks for coverage of $2,500 for estimated costs of appeal (which objectors concede is appropriate), $25,000 for attorneys' fees and $484,000 for eight months lost interest on that $8,400,000 settlement fund (the bond amount ordered was $100,000, or $11,500 less, but that does not affect the argument). They contend that there is, in reality, not much possible interest loss, since benefitted consumers get a discount coupon, not cash. They also contend that the only type of bond appropriate in these circumstances is an appeal bond, not a supersedeas bond, and that relates solely to the costs of appeal, here $2,500. Indeed, they argue, appellees cannot ask for a supersedeas bond – that is up to whoever wants to be excused from paying a judgment, and no one is asking to be so excused. *See* United States ex rel. Terry Investment Co. v. United Funding and Investors, Inc., 800 F.Supp. 879 (E.D. Calif. 1992).

Plaintiffs contend that the objectors are too late. The Rule 59 motion was filed more than ten days after the last order the objectors attack, and appeal, not Rule 60, is the

appropriate way to seek relief from alleged errors of law. Plaintiffs are right about Rule 59, but Rule 60 gives considerable latitude to the district court. The objectors sat on their hands when the bond motions were before the court, and there is something unseemly about coming in considerably late and asking to start over. Still, it is clear that the $100,000 bond, which plaintiffs concede is *not* a supersedeas bond, is excessive. The amount of the bond should have been $2,500, and we see no reason to burden the Court of Appeals with an appellate issue that can be resolved here. The bond amount shall be $2,500, which is consistent with allowable costs on appeal.

That does not, however, end the matter. Plaintiffs contend there are virtually no delay damages because the consumers do not get cash. But these appeals have the effect of a stay, *see, id.*, and that means consumers will be delayed in getting their discounts. They will be forced to pay a dollar more for product during the pendency of the appeal, a dollar they otherwise could have invested. Individually, of course, the amount of delay loss is *de minimus*, but that is not so when perceived in the context of a collective delay. Of course, what should be done with any delay damages poses a problem. There are no specifically identifiable victims, which was a principal reason for approving the settlement in the first place. Perhaps, if the objectors were required to pay delay damages, that amount could be added to the coupon amount, increasing the number of coupons.

But that we leave to another day and, we think, another forum. The Court of Appeals can, we believe, make any necessary order to preserve the effectiveness of the judgment, pursuant to Federal Rule of Civil Procedure 62(g) and it can award just damages for a frivolous appeal pursuant to Federal Rule of Appellate Procedure 38. But those are matters

for determination by the Court of Appeals. For now, we believe our authority is limited to requiring a cost bond.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

_____June 10_____, 2002.